**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**CLOUD CAP INNOVATIONS LLC**,

Plaintiff,

v.

**THE UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A**,

Defendants.

Case No. 3:26-cv-1850-SI

**TEMPORARY RESTRAINING ORDER, ASSET RESTRAINT, AND ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION**

**Michael H. Simon, District Judge.**

This matter comes before the Court on the Motion for a Temporary Restraining Order and Preliminary Injunction ("Motion") filed by Plaintiff Cloud Cap Innovations LLC ("Plaintiff" or "Cloud Cap"), pursuant to Rule 65 of the Federal Rules of Civil Procedures, the Copyright Act (17 U.S.C. § 502), and the Lanham Act (15 U.S.C. § 1116). Plaintiff seeks a Temporary Restraining Order ("TRO") and related asset restraint against the Defendants identified in Schedule A to the Verified Complaint ("Defendants").

Having reviewed the Verified Complaint, the Motion, the supporting declarations and exhibits, and being fully advised in the premises, the Court finds that Plaintiff has met the

requirements for the issuance of an ex parte TRO and Temporary Asset Restraint under Rule 65(b) of the Federal Rules of Civil Procedure. Specifically, the Court makes the following findings of fact and conclusions of law:

**FINDINGS OF FACTS AND CONCLUSIONS OF LAW**

Likelihood of Success on the Merits (Trademark Infringement): Plaintiff is highly likely to succeed on the merits of its trademark claims under the Lanham Act, 15 U.S.C. § 1114. Plaintiff owns and has continuously used Plaintiff's Trademark (registered on the Principal Register and set forth in Exhibit A to the Verified Complaint) in connection with its high-quality mechanical creeper tool ("Plaintiff's Product") since at least September 2012. Defendants are foreign-based entities operating pseudo-anonymous storefronts on various online retail platforms (the "Online Platforms," including Alibaba, AliExpress, Amazon, eBay, Fruugo, Temu, Walmart, and Wish) and are using identical or spurious copies of Plaintiff's Trademark on directly competing Accused Products, causing a strong likelihood of consumer confusion, trademark counterfeiting, and infringement.

**Likelihood of Success on the Merits (Copyright Infringement)**

Plaintiff is likely to succeed on the merits of its copyright claims under the Copyright Act, 17 U.S.C. § 501. Plaintiff owns and has registered valid copyrights for original creative works of authorship used in marketing and selling Plaintiff's Product (U.S. Copyright Registrations as set forth in Exhibit B to the Verified Complaint). Defendants have copied and unlawfully appropriated these protected works to promote and sell unauthorized, non-genuine competing products, satisfying the test for copyright infringement.

**Immediate and Irreparable Harm**

Without immediate injunctive relief, Plaintiff will continue to suffer irreparable injury. Because Plaintiff is likely to succeed on its trademark claims, it is entitled to a statutory presumption of irreparable harm under 15 U.S.C. § 1116(a). Further, Plaintiff's evidence establishes ongoing, unquantifiable harm including loss of exclusivity, loss of control over valuable intellectual property rights, diversion of sales, price erosion, and severe damage to its market reputation and customer goodwill. Because Defendants are foreign entities operating anonymously over the internet with no known assets in the United States, monetary damages alone are inadequate as any final monetary judgment would be difficult or impossible to collect without the preservation of assets.

**Balance of Equities**

The balance of equities tips sharply in Plaintiff's favor. The requested TRO merely stops Defendants from engaging in unlawful, infringing commercial activities and preserves the status quo. Defendants have no legitimate or protectible interest in continuing to sell counterfeit, infringing products or in hiding or transferring the proceeds of such sales. Conversely, Plaintiff has a substantial interest in protecting its brand and preventing the immediate erosion of its market position and brand equity.

**Public Interest**

The public interest is strongly served by granting a TRO. Issuing this Order protects registered trademark and copyright interests, reduces consumer confusion, and protects the public from being defrauded or misled by Defendants' unauthorized distribution and "palming off" of non-genuine, inferior products as compared to Plaintiff's high-quality products.

**Necessity of Ex Parte Relief and Asset Freeze**

Ex parte relief without notice to Defendants is necessary and warranted under Rule 65(b)(1)(B) of the Federal Rules of Civil Procedure. Defendants have used various evasive tactics to escape accountability, including fictitious storefront registration names, inaccurate contact details, and the operation of multiple interconnected storefronts. There is a high risk that if Defendants are given prior notice of this application, they will immediately destroy or delete electronic evidence, shut down their online storefronts, and transfer their ill-gotten financial assets to offshore accounts beyond the jurisdiction of this Court, thereby completely frustrating the effectiveness of any ultimate equitable accounting of profits or final judgment. An asset restraint is necessary to preserve the availability of the equitable remedy of "accounting of profits" under the Lanham and Copyright Acts.

## ORDER

**IT IS HEREBY ORDERED** that Plaintiff's Motion for a Temporary Restraining Order is GRANTED and Defendants, the Online Platforms, and financial institutions shall comply with the following directives:

### I. TEMPORARY RESTRAINING ORDER ENJOINING INFRINGEMENT

Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are temporarily restrained and enjoined from:

A. Manufacturing, importing, exporting, distributing, advertising, promoting, offering for sale, selling, or transferring any Accused Product (including any set forth in Exhibit E to the Complaint) or any other product that copies, counterfeits, or infringes Plaintiff's Trademark (Exhibit A to the Complaint) or Plaintiff's Copyrights (Exhibit B to the Complaint);

B. Using Plaintiff's Trademark or Copyrights, or any colorable imitations or confusingly similar variations thereof, on or in connection with any website, storefront, marketing material, social media account, or online commercial listing;

C. Passing off, inducing, or enabling others to pass off or sell any product as a genuine product of Plaintiff, or otherwise misleading consumers into believing that Defendants' products originate from, are sponsored by, or are associated with Plaintiff; and

D. Transferring, destroying, altering, concealing, or secreting any business records, electronic data, emails, transaction logs, supplier invoices, or other documents relating to the manufacture, importation, advertisement, sale, or financial transactions involving the Accused Products or any other product that copies, counterfeits, or infringes Plaintiff's Trademark (Exhibit A to the Complaint) or Plaintiff's Copyrights (Exhibit B to the Complaint).

## II. TEMPORARY ASSET RESTRAINT

To preserve the availability of the equitable remedy of an accounting of profits, the Online Platforms (specifically Alibaba, AliExpress, Amazon, eBay, Fruugo, Temu, Walmart, and Wish), and any associated payment processors or financial institutions (including but not limited to PayPal, Alipay, Payoneer, Stripe, and bank institutions) hosting or servicing any storefront or account identified in Schedule A, shall:

A. Immediately locate, identify, and freeze all financial accounts, merchant accounts, payment processor accounts, and funds associated with the Defendants' storefronts, seller identifiers, or aliases identified in Schedule A to the Complaint, or

linked to the email addresses or physical identities discovered through expedited discovery;

B. Restrain and enjoin the transfer, withdrawal, distribution, disposal, or offshore diversion of any funds, monies, balances, or other assets currently held in, or subsequently deposited into, any such frozen accounts, until further order of this Court; and

C. Keep all frozen funds and financial accounts intact, preserving them in their current state pending a hearing and determination of Plaintiff's Motion for Preliminary Injunction.

## III. SECURITY BOND

**IT IS FURTHER ORDERED** that Plaintiff shall post a bond or other security in the amount of Ten Thousand Dollars ($10,000.00) with the Clerk of the Court as security for the payment of such costs and damages as may be incurred or suffered by any party found to have been wrongfully enjoined or restrained by this Order, pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.

## IV. ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED** that the Defendants shall appear before this Court **on the 22nd day of September, 2026, at 1:30 p.m., in Courtroom 15B** of the United States District Court for the District of Oregon, Portland Division, located at the Mark O. Hatfield United States Courthouse, 1000 SW Third Avenue, Portland, Oregon, 97204 to show cause, if any there be, why a Preliminary Injunction should not be entered continuing the relief granted in this Order during the pendency of this litigation.

**IT IS FURTHER ORDERED** that Defendants' opposition papers, if any, shall be filed and served upon Plaintiff's counsel no later than Thursday, September 17, 2026. Plaintiff's reply papers, if any, shall be filed and served no later than Monday, September 21, 2026.

**V. DURATION OF ORDER**

**IT IS FURTHER ORDERED** that this Temporary Restraining Order shall expire fourteen (14) days from the date of its entry, unless extended by the Court for good cause shown or by consent of the parties pursuant to Rule 65(b)(2) of the Federal Rules of Civil Procedure or dissolved by the Court for good cause shown pursuant to Rule 65(b)(4).

**IT IS SO ORDERED.**

DATED this 8th day of September, 2026 at 11:50 a.m.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge